**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aneta Stanberry-Sproles,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Arizona Department of Child Safety, et al.,<br><br>　　　　Defendants. | No. CV-22-00364-PHX-DWL<br><br>**ORDER** |

On March 9, 2022, Aneta Stanberry-Sproles ("Plaintiff"), who is proceeding *pro se*, filed a complaint (Doc. 1) and an application to proceed in forma pauperis (Doc. 2). For the following reasons, the application to proceed is granted and the complaint is dismissed with leave to amend.

**I.     Application To Proceed In Forma Pauperis**

Plaintiff's application to proceed indicates that Plaintiff has insufficient funds to pay the filing fee for this action. Accordingly, the application is granted.

**II.    Statutory Screening Of In Forma Pauperis Complaints**

The Court is required to screen complaints brought in forma pauperis.[1] 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

---

[1] Although § 1915 largely concerns prisoner litigation, § 1915(e) applies to all in forma pauperis proceedings. *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is]. . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

As the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se individual] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). Conclusory and vague allegations, however, will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). A liberal interpretation may not supply essential elements of the claim that were not initially pled. *Id.*

**III.  The Complaint**

In the caption of the complaint, Plaintiff names a judge, the Department of Child Safety ("DCS"), individuals who are identified as either DCS case workers or DCS supervisors, and her "ex[-]spouse/abuser" as defendants. (Doc 1.) However, in the body of the complaint, Plaintiff only appears to seek relief from two of these purported defendants: DCS and her "ex[-]spouse/abuser," from whom she seeks "$48,000.00 for emotional distress, trauma, and all the time [she] lost with her children and that all [her]

parental rights and full custody be granted back to her [immediately]." (*Id.* at 2.)

Plaintiff does not seek any other redress from the other individuals named in the caption, nor does she allege any specific wrongdoing attributable to those individuals. Rather, she generally alleges her case workers "are very racist," "made little to no contact with [her]," and "were in court saying my children said things that they never said." (*Id.*) Plaintiff also alleges the "reports were severely fabricated," and her "case was full of racism, fabricated evidence, and hid[den] evidence." (*Id.*)

**IV.     Screening**

The Court is obligated to determine sua sponte whether it has subject-matter jurisdiction. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). *See* also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The party asserting jurisdiction bears the burden of proving its existence. *Cook v. AVI Casino Enters.*, Inc., 548 F.3d 718, 722 (9th Cir. 2008). In reviewing the complaint, the Court finds that it lacks subject-matter jurisdiction because Plaintiff fails to allege either diversity jurisdiction or federal question jurisdiction.

Plaintiff alleges the Court has "jurisdiction over this matter" because "the state court[] violated [her] rights and did not give [her] a fair chance for [her] to effectively fight for [her] children," and because she "feel[s] this needs to be heard by a federal judge." (Doc. 1 at 1.) However, this is not enough to establish subject-matter jurisdiction.

First, the complaint fails to allege diversity jurisdiction, a burden that Plaintiff bears by a preponderance of the evidence. *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986); *see also McNatt v. Allied-Signal, Inc.*, 972 F.2d 1340 (9th Cir. 1992). Diversity jurisdiction exists when there is complete diversity of citizenship between the plaintiffs and the defendants and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332. A controversy meets this requirement when "all the persons on one side of it are citizens of different states from all the persons on the other side." *Strawbridge v. Curtiss*, 7 U.S. 267 (1806).

Here, the complaint is facially deficient because it fails to affirmatively set forth the facts necessary to determine the parties' citizenship or that the controversy exceeds $75,000, exclusive of interests and costs. Plaintiff generally alleges in nine consecutive sentences that "[t]he defendant" is a "resident" of either Phoenix, Arizona or Peoria, Arizona. (Doc. 1.) Moreover, the amount in controversy is $48,000.00—much less than the statute's requirement. (*Id.* at 2.)

The complaint also fails to establish that this is a civil action "arising under the Constitution, laws, or treaties of the United States," as required for federal question jurisdiction. 28 U.S.C. § 1331. Notwithstanding the list of entities and individuals identified in the caption of the complaint, in the body of the complaint Plaintiff seeks monetary relief from only two Defendants, DCS and her ex-spouse, for "emotional stress, trauma, and all the time [she] lost with her children" as well as for "being racially profiled." (*Id.* at 2.) As an initial matter, Plaintiff's claims for "emotional stress" and "trauma" arise from state law. As for Plaintiff's other factual allegations—which relate to parental rights, racial profiling, and fabricating evidence—although those allegations could potentially be construed as claims bought under 42 U.S.C. § 1983, neither DCS nor Plaintiff's ex-spouse would be a proper defendant for purposes of a § 1983 claim. As for DCS, it is either a non-jural entity, *see Nelson v. Ariz. Dep't of Economic Security*, 2021 WL 3472742, *1 (D. Ariz. 2021), or an arm of the state that is entitled to Eleventh Amendment immunity, *see Chagolla v. Vullo*, 834 F. App'x 350, 352 (9th Cir. 2010) ("[Pro se plaintiff's] claims against DCS are barred by the Eleventh Amendment.") (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)). If the latter, DCS is also not a "person" under § 1983. *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991). As for Plaintiff's ex-spouse, there is no allegation that he was acting under color of state law, as § 1983 requires.

Another deficiency, apart from the absence of subject-matter jurisdiction, is Plaintiff's non-compliance with Rule 8 of the Federal Rules of Civil Procedure. A complaint must contain "a short and plain statement of the claim showing that the pleader

is entitled to relief." Fed. R. Civ. P. 8(a). "Each averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1). *Myers-Armstrong v. Actavis Totowa*, LLC, 382 F. App'x 545, 547 (9th Cir. 2010) (affirming district court's dismissal of plaintiff's case for failure to state a claim in part because plaintiff's complaint gave "no notice of the alleged illegal act and, therefore, fail[ed] to satisfy Federal Rule of Civil Procedure 8(a), because it [did] not set forth 'a short plain statement of the claim showing that the pleader is entitled to relief.'").

Finally, the Court also notes that, to the extent Plaintiff identifies a judge in the caption of the complaint, such a claim would also be subject to dismissal because Plaintiff cannot assert a claim for monetary damages against a state-court judge for adverse rulings issued against her. *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985).

## V. Leave to Amend

Plaintiff is granted an opportunity, if she so chooses, to amend her complaint. Any amended complaint must contain short, plain statements with each claim for relief identified in separate sections. In the amended complaint, Plaintiff must write out the rights she believes were violated, the name of the person and/or entity who violated the right, exactly what that individual or entity did or failed to do, how the action or inaction of that person is connected to the violation of Plaintiff's right, and what specific injury Plaintiff suffered because of the other person's or entity's conduct. *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Each claim must be set forth in a separate count. Any amended complaint filed by Plaintiff must conform to the requirements of Rule 8 of the Federal Rules of Civil Procedure, which includes "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1).

Accordingly,

**IT IS ORDERED** that:

(1) Plaintiff's application to proceed in forma pauperis (Doc. 2) is **granted**.

(2) Plaintiff's complaint (Doc. 1) is **dismissed**.

(3) Plaintiff may, by April 28, 2022, file a First Amended Complaint ("FAC"). The

FAC must adhere to LRCiv 7.1 and must follow the guidance provided in this order.

(4) If Plaintiff elects not to file a FAC by April 28, 2022, the Clerk shall terminate this action.

Dated this 8th day of April, 2022.

                                                                 Dominic W. Lanza
                                                              United States District Judge